J. F. GEIGER, Appellant, v. PULITZER PUBLISHING COMPANY, Respondent.

St. Louis Court of Appeals, May 10, 1898.

Contract, Construction of: BREACH OF. Where parties entered into the following written contract, to wit: "It is hereby agreed between the Pulitzer Publishing Company and J. F. Geiger, both of the city of St. Louis, Mo., to wit: That the Pulitzer Publishing Company will, for a period of one year from date, board one horse and store one buggy with said J. F. Geiger, paying him the sum of eighteen dollars ($18) per month in advertising at the following rates: Over city news column display, 25 cents per line each insertion; run of paper display, 20 cents per line, each insertion; want column display, 15 cents per line each insertion. In addition to the above the

Pulitzer Publishing Company agrees to pay said J. F. Geiger in cash at the end of each month one dollar ($1) per day per head for any horses hired from said Geiger by the Pulitzer Publishing Company." *Held*, error to refuse the following declaration of law as applicable to the case: "The court declares the law to be that under the terms of the contract offered in evidence in this case, the plaintiff was not limited to the advertisement of his livery business, and if it appear from the evidence that plaintiff offered defendant other advertising on his account, as, for instance, advertising of a business in which he was then engaged other than that of his livery business, which advertising the defendant refused, then the defendant committed a breach of its contract with plaintiff and justified the plaintiff in abandoning the contract and suing the defendant for the reasonable value of the keep of the horse and vehicle boarded with him by defendant. The court declares the law to be that if the plaintiff offered the defendant advertising matter other than that of his own business, and the defendant refused to insert the same, then the defendant committed a breach of its contract."

*Appeal from the St. Louis Circuit Court.*—HON. L. B. VALLIANT, Judge.

REVERSED AND REMANDED.

JOHN R. MYERS for appellant.

There was no occasion to construe the contract sued upon in this proceeding. Its terms were unambiguous and clear, and to support the conclusion of the trial court it would be necessary to interpolate words not in the instrument itself, thus giving it a new and restricted meaning opposed to the general and comprehensive one justified by its language. This would violate every principle governing the interpretation and enforcement of contracts, as well as the right of the individual to make his own contract, for in effect it would substitute a contract made by the court for that made by the parties themselves, a thing which the law can never tolerate. Clark on Contracts, chap. 10, pp. 591, 592; 2 Parsons on Contracts, pp. *500, 501;

Redheffer v. Leathe, 15 Mo. App. 14; Ruby v. Forcht, 21 Mo. App. 159; Weil v. Schwartz, 21 Mo. App. 372. It is not the contention of appellant that he had a right to assign the performance of this contract to another. Being a contract for personal services on his part he recognizes that this can not be done, nor did he attempt to do it. What he did assign was his chose in action for a part of the consideration of the contract due to him for labor which he had already performed under its terms, which assignment, because of its false notions in regard to the contract, respondent refused to recognize. "The question may be whether the words used should be taken in a comprehensive or a restricted sense, in a general or a particular sense. * * * But the presumption of greater or less strength, according to the language used or the circumstances of the case, is in favor of the comprehensive over the restricted, the general over the particular, the common over the unusual, sense." 2 Parsons on Contracts, p. *501; see also Redheffer v. Leathe, 15 Mo. App. 14; Rubey v. Forcht, 21 Mo. App. 159; Weil v. Schwartz, 21 Mo. App. 372. It is contended by the respondent that it "understood and contemplated" securing his advertisements as a livery stable keeper. In that event it was their manifest duty to insert a provision to that effect in the contract, and they having failed to do so, should the appellant suffer for their neglect? Moreover, the authorities are unanimous that the intent and understanding of the parties can not be allowed in testimony to contradict the plain recitals of the contract itself.

F. N. JUDSON for respondent.

Parol evidence is competent to identify the subject-matter of the contract, where the instrument is

alike applicable to several persons, matters or things or the terms are vague and general and not definitely identifying the subject-matter of the contract.    Welsh v. Edmisson, 46 Mo. App. 282; Greenl on Ev., secs. 287, 288; Ellis v. Harrison, 104 Mo. 270–279; Davis v. Hendrix, 59 Mo. App. 444; Amonett v. Montague, 63 Mo. 201.    The contract between Geiger and the Pulitzer Publishing Company was not assignable.    Lansden v. McCarthy, 45 Mo. 106; Redheffer v. Leathe, 15 Mo. App. 12; Robson v. Drummond, 2 B. and A. 303; Implement Co. v. Iron Works, 129 Mo. 222; Ice Co. v. Potter, 123 Mass. 28; McQueen v. Chouteau's Heirs, 29 Mo. 222; Worden v. R. R., 48 N. W. Rep. (Iowa) 71.    The declarations of law asked for appellant were properly refused.    Declarations of law should not be given where the hypothesis contained therein is not warranted by the evidence.    Ludowiski v. Polish Society, 29 Mo. App. 33; Campbell v. Van Houten, 44 Mo. App. 231; State v. McKenzie, 102 Mo. 620.

BOND, J.—The parties entered into the following contract:

"St. Louis, July 29th, 1895.

"It is hereby agreed between the Pulitzer Publishing Company and J. F. Geiger, both of the city of St. Louis, Mo., to wit:    That the Pulitzer Publishing Company will, for a period of one year from date, board one horse and store one buggy with said J. F.
Geiger, paying him the sum of eighteen dollars ($18) per month in advertising at the following rates.    Over city news column display, 25 cents per line each insertion; run of paper display, 20 cents per line, each insertion; want column display, 15 cents per line each insertion.

CONTRACT.

"In addition to the above the Pulitzer Publishing Company agrees to pay said J. F. Geiger in cash at the end of each month one dollar ($1) per day per head for any horses hired from said Geiger by the Pulitzer Publishing Company.

"The said J. F. Geiger agrees to keep said horse and buggy clean and in good condition (shoeing and repairing excepted).

"THE PULITZER PUBLISHING COMPANY,<br>
"By G. W. JONES, Business Manager,<br>
"J. F. GEIGER."

In pursuance of this contract plaintiff furnished board for defendant's horse and storage for its buggy for ten months, when they were removed by defendant. During this period plaintiff was compensated by the advertisement of his livery business to the amount of $8. He gave orders on defendant to advertise a real estate business and also the business of an art studio, of which latter he was a part owner. Defendant declined to publish these orders as not being embraced in its contract, whereupon plaintiff sued for $180 damages for alleged breach of the above contract, and had judgment before the justice. On defendant's appeal to the circuit court the case was submitted to the judge without a jury, and a verdict and judgment returned in its favor, from which plaintiff appealed.

The trial court held the term "advertising" used in the above contract to be unprecise, vague and ambiguous, and permitted oral testimony of what the parties understood by it. On this point plaintiff testified that it was meant to include any and all advertisements offered by him, whether pertaining to his business, or the business of others. The defendant on the other hand gave evidence tending to show that the term in question contemplated only the publication in

its paper of advertisements of the livery business in which plaintiff was engaged. It thus appears that there was a conflict in the evidence offered to explain the ambiguity of the contract. If the declarations of law requested by plaintiff had been based upon the theory of the contract presented by his own explanatory evidence, doubtless they would have been given; but each of them was based on the strict language of the contract without any explanation, and declared in effect, that this instrument *per se* imported a right in the plaintiff to tender any and all advertisements, whether pertaining to his own business or that of other, and that it was the duty of the defendant to accept the advertisements so tendered and publish the same in discharge of its obligations created by the contract. This assumption in plaintiff's declarations of law was erroneous for the reason that the ambiguity in the word "advertising" prevented a proper construction of the contract without the aid of extrinsic evidence. The trial court therefore did not err in refusing the declarations of law in the form they were presented, nor did it err in receiving testimony of the circumstances surrounding the parties as bearing on the sense in which the term "advertising" was used by them. This disposes of all the assignments of error. The case having been tried by the court sitting as a jury its findings upon the conflicting evidence, are, of course, conclusive, wherefore in my opinion the judgment should be affirmed. My associates do not concur in the foregoing decision. They think the trial court erred in refusing the following instruction requested by plaintiff, to wit:

"The court declares the law to be that under the terms of the contract offered in evidence in this case the plaintiff was not limited to the advertisement of

DECLARATION of law. ·his livery business, and if it appear from the evidence that plaintiff offered defendant other advertising on his account, as, for instance, advertising of a business in which he was then engaged other than that of his livery business, which advertising the defendant refused, then the defendant committed a breach of its contract with plaintiff and justified the plaintiff in abandoning the contract and suing the defendant for the reasonable value of the keep of the horse and vehicle boarded with him by defendant.''

In accordance with the opinion of my associates and over my dissent, the judgment herein is reversed and the cause remanded.